UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case No.: 1:25-cv-24487

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY and MIAMI WATERKEEPER,<br><br>Plaintiff,<br><br>v.<br><br>DOUG BURGUM, in his official capacity as Secretary of the U.S. Department of the Interior; U.S. DEPARTMENT OF THE INTERIOR; BRIAN NESVIK, in his official capacity as Director of the U.S. Fish and Wildlife Service; and the U.S. FISH AND WILDLIFE SERVICE,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

**INTRODUCTION**

1. Plaintiffs Center for Biological Diversity and Miami Waterkeeper (collectively, "Plaintiffs") challenge the U.S. Fish and Wildlife Service's ("Service") failure to comply with nondiscretionary deadlines set forth in the Endangered Species Act ("ESA"), 16 U.S.C. § 1533(b)(6)(A)(i)(I)–(IV). The Service failed to publish a final determination on its proposed rule listing the Miami Cave Crayfish (*Procambarus milleri*) as threatened within one year of publishing the proposed rule. *Id.* § 1533(b)(6)(A); Endangered and Threatened Wildlife and Plants; Threatened Species Status With Section 4(d) Rule for the Miami Cave Crayfish, 88 Fed.

1

Reg. 64856 (Sept. 20, 2023). By failing to fulfill its statutory mandate, the Service violated and continues to violate the ESA.

2. The Miami cave crayfish is a rare, freshwater, subterranean crayfish endemic to southern and central Miami-Dade County. *Id.* at 64858.

3. The Miami cave crayfish is a small crayfish that is most commonly orange in color with a distinctive red stripe down its abdomen. It has adapted to the unique hydrology and geology of the Biscayne Aquifer under parts of Miami-Dade County, where it can find organic debris to eat and limestone crevices to take shelter. *Id.* Miami cave crayfish are only found in portions of the Biscayne Aquifer, and nowhere else. *Id.*

4. The primary threat to the Miami cave crayfish is saltwater intrusion into the freshwater aquifer resulting from sea level rise, more frequent tidal flooding, and storms of increasing intensity. *Id.* at 64859. When saltwater enters the crayfish's habitat, it completely destroys it, reducing available habitat in the species' already very limited range. *Id.* at 64861. By 2070, the Miami cave crayfish is projected to lose as much as half of all available habitat. *Id.* at 64865.

5. Miami cave crayfish are also threatened by water quality degradation, groundwater pumping, development, and agricultural activities. *Id.* at 64859–61.

6. In 2023, the Service recognized that this species is at risk of extinction and proposed protecting the Miami cave crayfish as threatened under the ESA. *Id.* at 64846.

7. The ESA requires that, within one year of publishing this proposed rule, the Service must make a final determination on that proposal. 16 U.S.C. § 1533(b)(6)(A)(i).

8. Yet more than two years have passed, and the Service has failed to publish a timely final determination, which means the crayfish has been forced to go without protection the Service determined it requires and deserves.

9. Consequently, the Service has been and continues to be in violation of the ESA, depriving this threatened species of vital protections. Compliance with the ESA's mandatory deadline is necessary to ensure the continued survival and recovery of the Miami cave crayfish.

## JURISDICTION AND VENUE

10. Plaintiffs bring this action under the Endangered Species Act, 16 U.S.C. §§ 1533, 1540(g).

11. This Court has jurisdiction over this action pursuant to 16 U.S.C. §§ 1540(c), (g)(1)(C) (action arising under the ESA's citizen suit provision); 5 U.S.C. § 702 (review of agency action under the APA); 28 U.S.C. § 1331 (federal question jurisdiction); and 28 U.S.C. § 1346 (United States as a Defendant).

12. This Court may grant the relief requested under the ESA, 16 U.S.C. § 1540(g); 5 U.S.C. § 706 (APA); and 28 U.S.C. §§ 2201 and 2202 (declaratory and injunctive relief).

13. Plaintiffs provided Defendants with sixty days' notice of their intent to file this suit pursuant to the citizen suit provision of the ESA, 16 U.S.C. § 1540(g)(2)(C), by letters dated May 30, 2025. Because the Service has not remedied the legal violations outlined in the notice by the date of this Complaint's filing, there exists an actual, justiciable controversy between the parties within the meaning of the Declaratory Judgment Act. 28 U.S.C. § 2201.

14. Venue is proper in the United States District Court for the Southern District of Florida under 16 U.S.C. § 1540(g)(3)(A) because any person may commence a civil suit on his

own behalf "in the judicial district in which the violation occurs," and under 28 U.S.C. § 1391(e) because the Miami cave crayfish is located exclusively within this judicial district.

15. Venue is also proper in this Division according to Local Rule 3.1 because the Miami cave crayfish is located in Miami-Dade County.

## PARTIES

16. Plaintiff CENTER FOR BIOLOGICAL DIVERSITY is a national, nonprofit conservation organization incorporated in California and headquartered in Tucson, Arizona, with field offices throughout the United States and Mexico, including in Florida. The Center works through science, law, and creative media to secure a future for all species, great and small, hovering on the brink of extinction, including the Miami cave crayfish. The Center has more than 93,000 members, including many who live and recreate within the range of the Miami cave crayfish.

17. The Center brings this action on behalf of its staff and members, who derive recreational, aesthetic, educational, scientific, professional, and other benefits from the Miami cave crayfish and its habitat. The interests of the Center's members in protecting and recovering the Miami cave crayfish and its habitat are directly harmed by the Service's failure to comply with the ESA in making a timely listing determination for the Miami cave crayfish.

18. For example, Center member Dr. William Loftus is a retired fish ecologist with the United States Geological Survey who has studied south Florida's aquatic systems and their inhabitants for over 45 years. His work on the Miami cave crayfish was cited in the proposed rule listing the species as threatened, and he provided individual public comment on the rule docket. His professional, aesthetic, and recreational interests in the species span decades, and he has plans to continue studying and publishing his work on the Miami cave crayfish.

4

19. Plaintiff MIAMI WATERKEEPER is a non-profit organization based in South Florida whose mission is to protect and preserve the Biscayne Bay watershed. It achieves this mission through public education, advocacy for sound public policies, and participation in legal and administrative forums. Miami Waterkeeper has many members who reside near, use, and enjoy the Biscayne Bay watershed and its tributaries.

20. Miami Waterkeeper brings this action on behalf of its staff and members, who derive recreational, aesthetic, educational, scientific, professional, and other benefits from the Miami cave crayfish and its habitat. The interests of Miami Waterkeeper's members in protecting and recovering the Miami cave crayfish and its habitat are directly harmed by the Service's failure to comply with the ESA in making a timely listing determination for the Miami cave crayfish.

21. For example, Dr. Philip Stoddard, a member of both the Center for Biological Diversity and Miami Waterkeeper, routinely sees Miami cave crayfish in exposed aquifer waters on his property in South Miami, Florida. The Service has previously used Dr. Stoddard's property to catch and study the species. Dr. Stoddard takes personal joy in knowing that an endemic subterranean Florida crayfish exists, in viewing them in his backyard at night, and in showing them to his family, visiting scientists (including Service biologists), and other afficionados of Florida's unique natural history.

22. The Service's failure to meet the ESA's nondiscretionary deadlines to publish a final determination on the proposed rule to protect the Miami cave crayfish denies this species the protections it needs to survive and recover, which in turn injures Plaintiffs' interests.

23. The relief sought in this case, an order compelling the Service to finalize the Endangered Species Act rulemaking process by a date certain, would redress these injuries. Plaintiffs and their members have no other adequate remedy at law.

24. Defendant DOUG BURGUM is the Secretary of the United States Department of the Interior. By holding this position, he is ultimately responsible for administering the provisions of the ESA, including timely listing determinations, as well as all other federal laws that apply to the Department of the Interior. Plaintiffs sue Defendant Burgum in his official capacity.

25. Defendant U.S. DEPARTMENT OF THE INTERIOR is an agency of the United States responsible for administering the ESA for most terrestrial and non-marine species, including the Miami cave crayfish.

26. Defendant BRIAN NESVIK is the Director of the United States Fish and Wildlife Service. By holding this position, he is responsible for enforcing the provisions of the ESA, including timely species listing determinations, and regulations promulgated in accordance with the ESA, as well as any other federal laws that apply to the Service. Plaintiffs sue Defendant Nesvik in his official capacity.

27. Defendant U.S. FISH AND WILDLIFE SERVICE is a federal agency that is a part of the Department of the Interior. The Secretary of the Interior has delegated to the Service authority to administer the ESA, including provisions requiring timely species listing determinations. 50 C.F.R. § 402.01(b).

28. Defendants Doug Burgum, in his official capacity as Secretary of the United States Department of the Interior; United States Department of the Interior; Brian Nesvik, in his

official capacity as Director of the Service; and United States Fish and Wildlife Service have waived sovereign immunity in this action pursuant to 16 U.S.C. § 1540(g) and 5 U.S.C. § 702.

## STATUTORY FRAMEWORK

29. In 1973, recognizing that certain species "have been so depleted in numbers that they are in danger of or threatened with extinction," Congress enacted the Endangered Species Act, 16 U.S.C. §§ 1531–1544, "to provide a means whereby the ecosystems upon which endangered and threatened species depend may be conserved [and] to provide a program for the conservation of such endangered species and threatened species." *Id.* § 1531(a)(2), (b).

30. Considered "the most comprehensive legislation for the preservation of endangered species ever enacted by any nation," the ESA embodies the "plain intent" of Congress to "halt and reverse the trend toward species extinction, whatever the cost." *Tenn. Valley Auth. v. Hill*, 437 U.S. 153, 180, 184 (1978). The ESA's goal is not simply to prevent endangered and threatened species from becoming extinct but to recover these species to the point where they no longer require the statute's protections. *Id.*

31. To serve its purpose, the ESA demands that the Service, through its authority delegated by the Secretary of the Interior, determine which species are threatened or endangered and list them as such. 16 U.S.C. § 1533(a)(1). A species is endangered if it "is in danger of extinction throughout all or a significant portion of its range." *Id.* § 1532(6). A species is threatened if it "is likely to become an endangered species within the foreseeable future throughout all or a significant portion of its range." *Id.* § 1532(20).

32. When a species is listed as threatened or endangered, it receives a host of protections designed to prevent extinction and support recovery, including the creation of a recovery plan and designation of critical habitat. *Id.* § 1533(a)(3)(A), (f).

33. To ensure the timely protection of species at risk of extinction, Congress set forth a detailed process whereby citizens may petition the Service to list a species as endangered or threatened. The process includes mandatory, nondiscretionary deadlines that the Service must meet so that species in need of protection receive the ESA's substantive protections in a timely fashion. *Id.* §§ 1533(a)(3), (b)(3)–(6).

34. Upon receipt of a petition to list a species under the ESA, the Service must, "to the maximum extent practicable, within 90-days" make an initial finding as to whether the petition "presents substantial scientific or commercial information indicating that the petitioned action may be warranted." *Id.* § 1533(b)(3)(A). If the Service determines that a petition does present substantial information indicating that listing "may be warranted," the agency must publish that finding and proceed with a full scientific review of the species' status, known as a "status review." *Id.*

35. Upon completing the status review and within 12 months of receiving the petition, the Service must publish a "12-month finding" making one of three listing determinations: (1) the petitioned action is not warranted; (2) the petitioned action is warranted; or (3) the petitioned action is warranted but precluded by higher-priority listing actions. *Id.* § 1533(b)(3)(B).

36. If the Service's 12-month finding concludes that listing is warranted, the agency must publish notice of the proposed regulation to list the species as endangered or threatened in the Federal Register for public comment. *Id.* § 1533(b)(3)(B)(ii).

37. Within one year of publication of the proposed regulation, the ESA requires the Service to render its final determination on the proposal. *Id.* § 1533(b)(6)(A). At such time, the Service must either list the species, withdraw the proposed listing regulation, or, if there is

substantial disagreement about scientific data, delay a final listing determination for up to six months in order to solicit more scientific information. *Id.* §§ 1533(b)(6)(A)(i), (B)(i).

38. The ESA does not protect a species facing extinction until the Service lists it as endangered or threatened; therefore, it is critical that the Service complies with the ESA's procedures and deadlines designed to ensure species are protected in a timely manner

## FACTUAL BACKGROUND

39. The Miami cave crayfish, pictured below, is a freshwater, subterranean crayfish endemic to southern and central Miami-Dade County, Florida. 88 Fed. Reg. at 64858. Miami cave crayfish exist in one population restricted to the Biscayne Aquifer along the Atlantic Coastal Ridge. *Id.* at 64861.



Photo Credit: Adam Stern / U.S. Fish and Wildlife Service

40. Miami cave crayfish populations are limited by the availability and quality of subterranean freshwater to support a suitable aquatic environment, mega-porous limestone to provide structure, and detritus filtering from the surface to provide food. *Id.* at 64859.

9

41. Miami cave crayfish are threatened by saltwater intrusion into the Biscayne Aquifer as a result of sea level rise, more frequent tidal flooding, and increasing intensity of storm events (like major hurricanes). *Id*. The loss of this habitat is particularly threatening to the Miami Cave Crayfish population because these coastal areas exhibit the greatest overall quantity of Miami cave crayfish habitat. *Id.* at 64860.

42. Sea level rise is likely to result in the continued movement of saltwater into the Biscayne Aquifer along the Atlantic Coastal Ridge. *Id*. As sea level rises, more Miami cave crayfish habitat will change from freshwater to saltwater conditions, making these areas unsuitable for the crayfish to live in. *Id*. at 64863. Saltwater intrusion causes a complete loss of habitat, and the Miami cave crayfish has nowhere else to go outside of its current, narrowly restricted range. *Id.* at 64860.

43. Of the seven Miami cave crayfish "analysis units" the Service designated when studying species, six are already affected by saltwater intrusion. *Id*. at 64862. And the Service predicts that by 2070, the Miami cave crayfish will lose significant amounts of habitat, with some modeling scenarios predicting a loss of more than half of all available habitat. *Id.* at 64865.

44. The Service has also recognized that development poses both direct and indirect threats to the viability of current and future populations of Miami cave crayfish. Development results in the expansion of impervious surface cover and the removal of vegetation and other natural sources of detritus that can filter down into Miami cave crayfish habitat.

45. Miami-Dade County is one of the most populous counties in the United States, and development in the county is anticipated to rise in conjunction with increasing populations. Approximately 6,718 acres that overlay Miami cave crayfish habitat have already been identified

to accommodate the expanded development for the approximately 3,343,700 people who will be residing in the county within the next twenty years.

46. The Miami cave crayfish population is also harmed by agricultural activities (expanding impermeable surface cover), some non-native plant species (altering the quantity and quality of detrital input), aquifer drawdown (direct mortality from groundwater pumping and the loss of habitat from aquifer reduction), and groundwater contamination (direct and indirect effects on morbidity, mortality and reproductive success).

47. Despite these threats, there are currently no conservation efforts specific to the Miami cave crayfish. 88 Fed. Reg. at 64864.

48. Recognizing the threat of extinction and the need to protect the species, the Service proposed to list the Miami cave crayfish as threatened on September 20, 2023. *Id.* at 64856. At that time, the Service found that designating protected critical habitat for the species was both prudent and determinable and developed a proposed critical habitat rule. *Id.* at 64869. The Service intended to publish a proposed critical habitat rule following interagency review with the Office of Information and Regulatory Affairs (OIRA). As of the date of this Complaint, the Service has still not published the proposed critical habitat rule.

49. The Service had a statutory duty to publish a final determination on its proposed rule to list the Miami cave crayfish as threatened on or before September 20, 2024.

50. It has been more than two years since the Service published that proposed rule, and as of the date of this Complaint, the Service has still not published a final determination. Therefore, the Service's final determination is overdue.

51. The Service's failure to publish a final determination on its proposed rule listing the Miami cave crayfish as threatened violates the ESA, 16 U.S.C. § 1533(b)(6)(A)(i)(I)–(IV).

11

**PLAINTIFFS' CLAIM FOR RELIEF**
**(Failure to publish a final determination on the proposed regulation to list the Miami cave crayfish as threatened)**

52. Plaintiffs re-allege and incorporate by reference all the allegations set forth in contained in paragraphs 1 through 51.

53. The ESA requires the Service to publish a final determination on a proposed listing rule within one year of publishing the proposed rule. 16 U.S.C. § 1533(b)(6)(A)(i).

54. The Service published a proposed rule to list the Miami cave crayfish as threatened on September 20, 2023, but more than two years later, it has still not published a final determination.

55. Plaintiffs and their members are injured by the Service's failure to comply with the ESA's nondiscretionary deadline to finalize its listing determination for the Miami cave crayfish.

56. The Service has violated its nondiscretionary duty under the ESA, 16 U.S.C. § 1533(b)(6)(A)(i)(I)–(IV), by failing to publish a final determination on its proposed rule to list the Miami cave crayfish as threatened. In the alternative, this failure constitutes agency action "unlawfully withheld or unreasonably delayed" within the meaning of the APA. 5 U.S.C. § 706(1).

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiffs respectfully requests that this Court enter a Judgment for Plaintiffs providing the following relief:

(1) Declare that Defendants violated the ESA by failing to publish a final determination on the proposed rule to list the Miami cave crayfish as threatened;

(2) Order the Service to publish, by a date certain, a final listing determination for the Miami cave crayfish under the ESA;

(3) Award Plaintiffs the cost of this action, including reasonable attorneys' fees; and

(4) Provide such other relief as this Court deems just and proper

DATED: September 30, 2025     Respectfully submitted,

/s/ *Elise Pautler Bennett*
Elise Pautler Bennett (Florida Bar Number: 106573)
ebennett@biologicaldiversity.org
Center for Biological Diversity
P.O. Box 2155
St. Petersburg, FL 33731
Telephone: (727) 755-6950
Facsimile: (520) 623-9797

/s/ *Ragan Edward Whitlock*
Ragan Edward Whitlock (Florida Bar Number: 1034177)
rwhitlock@biologicaldiversity.org
Center for Biological Diversity
P.O. Box 2155
St. Petersburg, FL 33731
Tel: (727) 490-9190

*Attorneys for Plaintiffs Center for Biological Diversity and Miami Waterkeeper*